UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCOS JOSE BARBOZA
VALENILLA (A# 078-409-321),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
IMMIGRATION PROCESSING
CENTER,

Respondent.

No.  1:26-cv-05241 DAD SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Petitioner initiated this action by filing a § 2241 petition on July 8, 2026.  ECF No. 1. Petitioner states in the petition that he has another habeas action pending in the Middle District of Florida, Barbosa Vallenilla v. Warden, Baker Cnty. Detention Ctr., No. 3:26-cv-0144 JEP PDB (M.D. Fla.).  ECF No. 1 at 11.  A review of the docket in that case shows Petitioner filed that petition on January 26, 2026, and that the matter has been fully briefed for several months.[1]

---

[1]  The undersigned takes judicial notice of the Middle District of Florida docket.  Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

1

As a matter of docket management and avoiding potentially inconsistent rulings on behalf of petitioners with multiple cases, the undersigned is recommending the dismissal of later-filed actions pursuant to the "first-to-file" rule, where appropriate.  See WCDS Buyer, Inc. v. Sohrab, No. 8:24-CV-02523-FWS-KES, 2025 WL 2093422, at *2 (C.D. Cal. June 20, 2025) ("The [first-to-file] doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.") (quoting Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016)).  Under this judicially created "doctrine of federal comity," a district court may "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982); Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("[T]here is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.").  "[T]he second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  In re Bozic, 888 F.3d 1048, 1052 (9th Cir. 2018) (quoting Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997)).

When applying the first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues."  Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (citing Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991)).  Here, the first requirement is met because Petitioner initiated the Middle District of Florida action some six months before this case.  That matter is also fully briefed with a potentially imminent ruling, whereas this case is only days old and lacks a briefing schedule.  Regarding similarity of the parties, "the first-to-file rule does not require exact identity" but rather "only substantial similarity of parties."  Kohn L. Grp., Inc., 787 F.3d at 1240-41 (collecting cases).  In each of his cases, Petitioner names the Warden of the facility where he was detained at the time, making them substantially similar for purposes of this rule.  Finally, the issues are identical, as both petitions seek Petitioner's release from immigration detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  Compare ECF No. 1 at 18

2

(requesting relief pursuant to Zadvydas), with Barbosa Vallenilla, No. 3:26-cv-0144 JEP PDB, ECF No. 5 (characterizing the petition as "alleging his continued detention by [ICE] violates Zadvydas").

Accordingly, in lieu of setting a briefing schedule in this matter, the undersigned recommends that the petition be dismissed without prejudice pursuant to the first-to-file rule. See Bakhronov v. Warden, Golden State Annex, No. 1:26-CV-04342-NW, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) (granting motion to dismiss immigration habeas petition pursuant to first-in-file rule); Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (allowing a district court to dismiss a petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."). The undersigned finds that sua sponte dismissal is appropriate in light of the Court's strong interest in conserving judicial resources and avoiding a potentially inconsistent ruling.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED Petitioner's petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice pursuant to the first-to-file rule.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3